JOCELYN BURTON, SBN 135879
SCOTT NAKAMA, SBN 296732
**BURTON EMPLOYMENT LAW**
1939 Harrison Street, Suite 400
Oakland, CA 94612
Ph: (510) 350-7025
Fax: (510) 473-3672
jburton@burtonemploymentlaw.com
snakama@burtonemploymentlaw.com

Attorneys for Plaintiff TANIKA ROSS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIKA ROSS, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act,<br><br>        Plaintiff,<br><br>        vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA,<br><br>        Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br>1.  FAILURE TO PAY OVERTIME – PAGA<br>2.  FAILURE TO PROVIDE OVERTIME – 29 U.S.C. § 207<br>3.  FAILURE TO PROVIDE PAID SICK DAYS – LABOR CODE § 246 – PAGA<br>4.  FAILURE TO FURNISH COMPLETE AND ACCURATE ITEMIZED WAGE STATEMENTS – LABOR CODE § 226- PAGA<br>5.  FAILURE PAY TIMELY WAGES DUE - LABOR CODE § 204<br>6.  FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES – LABOR CODE § 2802<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Tanika Ross (hereinafter "Plaintiff") respectfully alleges as follows:

**PRELIMINARY STATEMENT**

Plaintiff brings this action for monetary damages, injunctive relief and statutory and civil penalties under the Federal Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA") and the California Labor Code.  Plaintiff seeks redress for injuries that she and other aggrieved employees sustained from Defendant Vitas Healthcare Corporation of California's

misclassification of Plaintiff and other aggrieved employees as an exempt employee and other violations of the California Labor Code.

## JURISDICTION

1.     The Court has jurisdiction over this action under 29 U.S.C. §§ 216(b) and 217 and under 28 U.S.C. § 1331.

2.     This Court has supplemental jurisdiction over the related state claims under 28 U.S.C. § 1367.  Plaintiff's claims pursuant to the FLSA and the California Labor Code are related, as all of Plaintiff's claims share common operative facts.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

3.     The United States District Court for the Northern District of California is the proper venue under 29 U.S.C. § 216(b) provides that the action may be maintained in any federal court of competent jurisdiction.

## INTRADISTRICT ASSIGNMENT

4.     This case should be assigned to the San Francisco or Oakland Division of the Northern District of California under Civil Local Rule 3-2 because a substantial part of the events or omissions giving rise to these claims occurred in Contra Costa or Sonoma County.

## PARTIES

5.     Plaintiff was at all times relevant herein employed in California and was an "employee" as defined by 29 U.S.C. § 203(e), the California Labor Code and applicable Wage Order(s) of the Industrial Welfare Commission ("IWC").

6.     Defendant Vitas Healthcare Corporation of California ('Defendant") is Delaware Corporation doing business in California.  Defendant is an employer as defined by 29 U.S.C § 203(d), the California Labor Code and applicable IWC Wage Order(s).

### GENERAL ALLEGATIONS

7.   At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r)(1), (s)(1) because

    a.   Defendant owns and operates Vitas Healthcare Corporation of California for a common business purpose – to make a profit by providing hospice care  – using the same management, marketing, and employment practices;

    b.   Workers employed by Vitas Healthcare Corporation of California have handled products, including food, cleaning supplies and office supplies, made outside of California and transported into the State; and

    c.   Since 2013, the combined annual gross volume of sales made or business done by Vitas Healthcare Corporation of California has exceeded $500,000.

8.   Plaintiff was hired by Defendant in approximately May 2, 2016 as a social worker assigned to hospice work.

9.   Although Plaintiff was at all times a nonexempt employee of Defendant, her employer willfully misclassified her as an exempt employee and denied her overtime pay.  This was despite that, among other factors:

    a.   Plaintiff does not supervise two or more individuals;

    b.   Plaintiff's primary duties are not management of the enterprise in which she is employed;

    c.   Plaintiff's primary duties do not involve the exercise of discretion and independent judgment.

COMPLAINT, ROSS v. VITAS HEALTHCARE CORPORATION OF CALIFORNIA, Case No.

3

d.    Plaintiff's primary duties do not involve office or non-manual work directly related to the management or general business operations of the employer or employer's customers;

e.    Plaintiff's primary duties are production duties of providing the service that the business offers to the public; and

f.    Plaintiff spends more than 50% of her time on non-exempt tasks such as driving, obtaining supplies and materials and attending meetings.

10.    Plaintiff is informed and believes that Defendant willfully misclassified other aggrieved employees as exempt employees.

11.    Plaintiff and other aggrieved employees frequently worked in excess of eight hours in a workday and forty hours in a workweek.   However, Plaintiff and other aggrieved employees are not paid overtime wages when she worked over eight hours a day and/or over forty hours in a workweek.  Instead, Plaintiff is paid a salary regardless of the number of hours worked.

12.    Because Defendant does not pay Plaintiff and other aggrieved employees all the overtime wages they earn, Defendant fails to pay Plaintiff and aggrieved employees all wages due and owing at the close of each pay period.

13.    Defendant also fails to provide Plaintiff and other aggrieved employees with complete and accurate wage statements.  The wage statements provided fail to state 1) the total hours worked, 2) the applicable hourly rates in effect during each pay period, 3) the corresponding number of hours worked at each hourly rate; 4) the gross wages earned, and 5) the net wages earned.

14.    In addition, Defendant fails to provide Plaintiff and other aggrieved employees with paid sick leave as required by Labor Code § 246 *et seq.*  In September 2016, Defendant failed to

provide Plaintiff with paid sick leave for approximately one week when she missed work because of illness.

15.     Until August 2016, Plaintiff was required to use her personal cell phone to perform her job duties. Defendant failed to reimburse Plaintiff for the reasonable use of her cell phone.

16.     Although Plaintiff and other aggrieved employees are required to use their personal cars to travel to meet with Defendant's clients, Defendant fails to fully reimburse Plaintiff and other aggrieved employees for their travel expenses.

## PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS

17.     The Labor Code Private Attorneys General Act of 2004 ("PAGA"), as set forth at Labor Code section 2698 et seq., is and at all times relevant, was applicable to Plaintiff's employment with Defendant.

18.     Pursuant to Labor Code section 2699(a), any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code section 2699.3.

19.     Plaintiff is employed by Defendant, and the alleged violations were committed against her in relation to her employment with Defendant.  Plaintiff is, therefore, an aggrieved employee as defined by Labor Code section 2699(c).  Other employees, current and former, are also aggrieved employees in that one or more of the alleged violations were also committed against them in relation to their employment with Defendant.

20.     Pursuant to Labor Code section 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or

more of the alleged violations was committed.   Furthermore, any employee who prevails in any such action shall be entitled to an award of reasonable attorney's fees and costs.

21.     Pursuant to Labor Code section 2699.3, an aggrieved employee may pursue a civil action under the PAGA after the following requirement have been met:

  a.   The aggrieved employee has provided written notice by online filing to the LWDA and by certified mail to the employer (hereinafter "Employee's Notice") of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations; and

  b.   The LWDA has provided notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to postmark date of the Employee's Notice.  Upon receipt of the LWDA's Notice, or if the LWDA does not provide such Notice within 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

22.     On August 23, 2017, Plaintiff provided written notice by online filing to the LWDA and by certified mail to Vitas Healthcare of California of specific provisions of the Labor Code alleged to have been violated by Vitas Healthcare of California, including the facts and theories to support the alleged violations.

23.     As of December 20, 2017, the LWDA has not provided Plaintiff with written notice that it intends to investigate the alleged violations of the Labor Code.  Accordingly, Plaintiff has satisfied the administrative prerequisites under Labor Code section 2699.3 to bring a civil action to recover civil penalties under the PAGA, in addition to other remedies.

24.     Pursuant to Labor Code section 2699.3(d), the aforementioned 65-day "exhaustion period" is not counted as part of the time limited for the commencement of a civil action to recover civil penalties under the PAGA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 510**
**(Failure to Pay Overtime – PAGA)**
**Against Defendant**

25.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth.

26.     Pursuant to Labor Code section 510, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.   In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

27.     During the relevant time period, Defendant failed to pay Plaintiff the overtime wages due and owing.

28.     Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

///

///

///

COMPLAINT, ROSS v. VITAS HEALTHCARE CORPORATION OF CALIFORNIA, Case No.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 29 U.S.C. § 207**
**(Failure to Pay Overtime – FLSA)**
**Against Defendant**

29.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth.

30.     During the relevant time period, Defendant violated 29 U.S.C. §§ 207(a)(2), 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours without compensating the employees for hours worked in excess of forty at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Plaintiff routinely worked more than forty hours a week, but Defendant did not compensate her at time and one-half the regular rate at which she was employed for all hours worked in excess of forty.

31.     At all relevant times, Defendant has willfully violated and continue to violate 29 U.S.C. §§ 207(a)(2), 215(a)(2).  Defendant knows or should know of the FLSA's overtime requirements but nevertheless employed Plaintiff at Vitas Healthcare of California without properly compensating her for hours worked in excess of forty per workweek.

32.     Plaintiff has been injured and requests relief.

**THIRD CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 246**
**(Failure to Provide Paid Sick Leave – PAGA)**
**Against Defendant**

33.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth.

///

///

COMPLAINT, ROSS v. VITAS HEALTHCARE CORPORATION OF CALIFORNIA, Case No.

34.     Each year, Labor Code section 246 requires employers to provide employees with no less than 24 hours or three days of paid sick leave that is available to employee to use by the completion of his or her 120th calendar day of employment.

35.     Plaintiff was not provided with paid sick leave as required.

36.     Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendant's other current and former employees.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(a), 226.3**
**(Failure to Furnish Complete and Accurate Itemized Wage Statements – PAGA)**
**Against Defendants**

37.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 above as though fully set forth.

38.     Labor Code section 226(a) provides "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing [. . .] (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, [. . .] (4)  all deductions, provided that all deductions make on written orders of the employee may be aggregated and shown on one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of

the legal entity that is the employer [. . .] and (9) all applicable hourly rates in effect during the pay

period and the corresponding number of hours worked at each hourly rate by the employee[.]"

39.     An employee suffering injury as the result of a knowing and intentional failure by an

employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual

damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred

dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the

aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

reasonable attorney's fees.  Labor Code § 226(e)(1).

40.     An employee is deemed to suffer injury if the employer fails to provide a wage

statement or if the employer fails to provide accurate and complete information as required by any

one or more of the items (1) through (9), inclusive, of subdivision (a) of Labor Code section 226 and

the employee cannot promptly and easily determine from the wage statement alone:  (i) the amount of

the gross wages or net wages paid to the employee during the pay period or any of the other

information required to be provided on the itemized wage statement pursuant to items (2) to (4),

inclusive, (6), and (9) of subdivision (a); (ii) which deductions the employer made from gross wages

to determine the net wages paid to the employee during the pay period; (iii) the name and address of

the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section

1682, the name and address of the legal entity that secured the services of the employee during the

pay period; and (iv) the name of the employee and only the last four digits of his or her social

security number or an employee identification number other than a social security number.  Labor

Code § 226(e)(2)(A), (e)(2)(B)(i)-(iv).  "Promptly and easily determine" means a reasonable person

would be able to readily ascertain the information without reference to other documents or

information.  Labor Code § 226(e)(2)(C).

41.     During the relevant time period(s) and as set forth above, Defendant failed to provide accurate and complete itemized wage statements to Plaintiff, in violation of Labor Code section 226(a).

42.     Labor Code section 226.3 provides the following in pertinent part:  "[a]ny employer who violates subdivision (a) Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226.  The civil penalties provided for in this section are in addition to any other penalty provided by law.

43.     Defendant failed to keep the records required by Labor Code section 226(a).

44.     Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.  Plaintiff also hereby requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendants' other current and former employees.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 204**
**(Failure to Timely Pay Wages – PAGA)**
**Against Defendant**

45.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth.

46.     Labor Code section 204 provides "[a]ll wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for

between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

47.     During the relevant time period, Defendant failed to pay Plaintiff in a timely manner her wages earned, in violation of Labor Code section 204.

48.     Pursuant to Labor Code section 218.5, in any action brought for the nonpayment of wages, fringe benefits, or health and welfare pension fund contributions, a prevailing plaintiff shall be entitled to an award of attorney's fees and costs if requested upon the initiation of the action.

49.     Plaintiff has been injured and requests relief.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendant's other current and former employees.

## SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 2802
### (Failure to Reimburse for Business Expenses - PAGA)
### Against Defendant

50.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 24 as though fully set forth.

51.     California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

52.     At set forth above and during the relevant time period, Defendant failed to indemnify and reimburse Plaintiff and California employees for all necessary expenditures or losses incurred in direct consequence of discharge of duties, or of obedience to the directions of Defendant.

53.     Wherefore, Plaintiff has been injured and request relief as provided.  Plaintiff also requests the civil penalties, attorney's fees, and costs recoverable in a civil action brought by an

COMPLAINT, ROSS v. VITAS HEALTHCARE CORPORATION OF CALIFORNIA, Case No.

aggrieved employee on behalf of herself and, as a proxy for the LWDA, on behalf of Defendant's other current and former employees.

## JURY DEMAND

Plaintiff demands trial by jury of all claims and causes of action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

As to the First Cause of Action:

1.      For unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit under Labor Code §§ 218.5,1194(a), 1194.2(a).

2.      For statutory penalties, including those available under Labor Code section 203;

3.      For civil penalties under Labor Code §§ 558, 1197.1(a), 2699(a) and

4.      For such other and further relief as the court deems just and proper.

As to the Second Cause of Action:

1.      For unpaid overtime wages, liquidated damages, equitable relief, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b);

2.      For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

3.      For such other and further relief as the Court deems just and proper.

As to the Third Cause of Action:

1.      Equitable relief, injunctive relief, restitution, prejudgment interest and attorneys' fees and costs under Labor Code §§ 248.5(b)(2), 248(e), and 2699(g); and

2.      For such other and further relief as the court deems just and proper.

As to the Fourth Cause of Action:

1.      Statutory penalties under Labor Code § 226(e);

2.      Civil Penalties under Labor Code §§ 226.3 and 2699(a);

3.      Attorneys' fees and costs under Labor Code § 2699(g); and

4.      For such other and further relief as the court deems just and proper.

As to the Fifth Cause of Action:

1.      For civil penalties under Labor Code § 2699(a);

2.      For attorneys' fees and costs under Labor Code § 2699(g); and

3.      For such other and further relief as the court deems just and proper.

As to the Sixth Cause of Action:

1.      Reimbursement of necessary expenditures, prejudgment interest, attorneys' fees and

costs under Labor Code §§ 2699(g), 2802;

2.      Civil penalties under Labor Code § 2699(a); and

3.      For such other relief as the court deems just and proper.

BURTON EMPLOYMENT LAW


Dated: June 8, 2018                              By: //ss// Jocelyn Burton //ss//
                                                      JOCELYN BURTON
                                                      Attorney for Plaintiff
                                                      TANIKA ROSS